## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JAMES C. MAY, ADC #137749                                             PLAINTIFF

v.                                   1:12-cv-00115-JLH-JJV

MICHELLE WILLIAMS, Major,
North Central Unit, ADC; *et al.*                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, James May, a state inmate at the North Central Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action, alleging sexual harassment and discrimination. Plaintiff submitted an Amended Complaint in accordance with the Court's November 7, 2012, Order (Doc. No. 4).  Having reviewed the Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## I.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

2

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.   FACTS AND ANALYSIS

In his Amended Complaint, Plaintiff alleges that Defendants "bad mouthed" him, harassed, and threatened him because of his homosexuality. (Doc. No. 6 at 8-14.) He claims Defendant Williams gave him a sharp piece of metal and told him to "off myself cause I did not deserve to live," and that Defendant Foster wrote Plaintiff a disciplinary charge for possessing the metal and did not take seriously his allegations against Williams. (*Id*. at 11, 14.) Plaintiff also claims Defendants Williams, White, and Selvey failed to act to stop officers from harassing him, and that several of the Defendants tampered with his food by allowing items to fall on the floor and then were placed back on Plaintiff's tray. (*Id*. at 8-14.)

In the Court's November 7, 2012, Order providing Plaintiff the opportunity to amend his Complaint, it noted that sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (Doc. No. 4, p. 3.) The Court also stated that Plaintiff's allegations that Defendants "messed with" his food were too vague to support a claim for relief, and his allegation of a false disciplinary charge and conviction did not support a constitutional claim for relief. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). However, the allegations set forth in his Amended Complaint are the same as those in the Complaint, and fail to support a constitutional claim against Defendants. Plaintiff does

not allege any physical harm, and his allegations of emotional and mental abuse based on the harassment by Defendants fail to state a claim upon which relief may be granted. *See Freitas v. Ault*, 109 F.3d at 1338.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Amended Complaint (Doc. No. 6) be DISMISSED for failure to state a claim on which relief may be granted.

2      This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action is not taken in good faith.  28 U.S.C. § 1915(a)(3).

DATED this 28th day of November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.